4months, CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CIVIL DOCKET FOR CASE #: 1:07-cv-02644-JOF
#### Internal Use Only

08  CV  03508

Miller v. Holtzbrinck Publishers, LLC et al
Assigned to: Judge J. Owen Forrester
Cause: 28:1332 Diversity-Fraud

Date Filed: 10/24/2007
Date Terminated: 03/03/2008
Jury Demand: Plaintiff
Nature of Suit: 370 Fraud or
Truth-In-Lending
Jurisdiction: Diversity

**Plaintiff**

**Dianne Miller**

represented by **Charles Tyrone Brant**
Office of Charles T. Brant
170 Mitchell Street
Atlanta, GA 30303
404-522-5900
Email: cbrant@colomandbrantlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Holtzbrinck Publishers, LLC**

represented by **Christopher Lee Meazell**
Dow Lohnes PLLC
Six Concourse Parkway
Suite 1800
Atlanta, GA 30328-6177
770-901-8898
Email: cmeazell@dlalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas MacIver Clyde**
Dow Lohnes
Suite 1800
Six Concourse Parkway
Atlanta, GA 30328-6177
770-901-8800

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 08 2008

James N. Hatten, Clerk
By: Deputy Clerk

04/08/2008 11:25 AM

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**MacMillan Publishers, Inc.**

represented by **Christopher Lee Meazell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas MacIver Clyde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Saint Martin's Press**

represented by **Christopher Lee Meazell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas MacIver Clyde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Heather Hunter**

represented by **Christopher Lee Meazell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas MacIver Clyde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Michelle Valentine**

represented by **Christopher Lee Meazell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas MacIver Clyde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

04/08/2008 11:25 AM

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2007 | 1 | COMPLAINT with Jury Demand, filed by Dianne Miller; and Summon(s) issued. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. ( Filing fee $ 350.00 receipt number 570624.) (Attachments: # 1 Civil Cover Sheet)(epm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/25/2007) |
| 10/24/2007 |  | (Court only) ***Set/Clear Flags (epm) (Entered: 10/25/2007) |
| 11/01/2007 | 2 | Summons Issued as to Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, Michelle Valentine. (hfm) (Entered: 11/05/2007) |
| 11/28/2007 | 3 | Consent MOTION for Extension of Time to File Answer by Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, Michelle Valentine. (Attachments: # 1 Text of Proposed Order)(Clyde, Thomas) (Entered: 11/28/2007) |
| 11/29/2007 |  | MINUTE ORDER by CRD on 11/29/2007 granting 3 Motion for Extension of Time to Answer. Holtzbrinck Publishers, LLC's, MacMillan Publishers, Inc.'s, Saint Martin's Press's, Heather Hunter's, and Michelle Valentine's answers due 12/17/2007. Signed by Judge J. Owen Forrester on 11/29/07. (tcc) (Entered: 11/29/2007) |
| 12/17/2007 | 4 | MOTION to Dismiss for Improper Venue with Brief In Support by Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, Michelle Valentine. (Clyde, Thomas) Modified on 12/18/2007 to edit motion event to accurately reflect e-filed pleading (hfm). (Entered: 12/17/2007) |
| 12/17/2007 | 5 | AFFIDAVIT re 4 MOTION to Dismiss for Improper Venue by Heather Hunter. (Clyde, Thomas) Modified on 12/18/2007 to edit docket text to accurately reflect e-filed pleading (hfm). (Entered: 12/17/2007) |
| 12/19/2007 | 6 | NOTICE of Appearance by Christopher Lee Meazell on behalf of Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, Michelle Valentine (Meazell, Christopher) (Entered: 12/19/2007) |
| 01/03/2008 |  | Submission of 4 MOTION to Dismiss, submitted to District Judge J. Owen Forrester. (hfm) (Entered: 01/03/2008) |
| 01/05/2008 | 7 | MOTION for Extension of Time re: 4 MOTION to Dismiss *for Improper Venue* by Dianne Miller. (Attachments: # 1 Text of Proposed Order)(Brant, Charles) (Entered: 01/05/2008) |
| 01/08/2008 | 8 | RESPONSE in Support re 7 MOTION for Extension of Time re: 4 MOTION to Dismiss *for Improper Venue* filed by Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, |

| 01/10/2008 | 🔗 | MINUTE ORDER by CRD on 1/10/2008 granting 7 MOTION for Extension of Time until 1/22/08 to respond to 4 MOTION to Dismiss for Improper Venue by Dianne Miller. (tcc) (Entered: 01/10/2008) |
| --- | --- | --- |
| 01/22/2008 | 🔗9 | PROPOSED CONSENT ORDER Order Granting Transfer of Venue. (Brant, Charles) (Entered: 01/22/2008) |
| 03/03/2008 | 🔗10 | ORDER approving 9 Proposed Consent Order Transferring action to the United States District Court for the Southern District of New York. Signed by Judge J. Owen Forrester on 3/3/08. (hfm) (Entered: 03/03/2008) |
| 03/03/2008 | 🔗 | Case transferred ELECTRONICALLY to District of Southern New York. (Entered: 03/03/2008) |
| 03/03/2008 | 🔗 | Civil Case Terminated. (hfm) (Entered: 03/03/2008) |
| 03/03/2008 | 🔗11 | Clerk's Letter of Transfer to the USDC Southern District of New York. (hfm) (Entered: 03/03/2008) |
| 04/08/2008 | 🔗 | Case transferred manually to District of USDC SDNY. Original file, certified copy of transfer order and docket sheet sent. (hfm) (Entered: 04/08/2008) |
| 04/08/2008 | 🔗12 | Clerk's Letter of Manual Transfer to USDC SDNY. (hfm) (Entered: 04/08/2008) |

ORIGINAL Case 1:08-cv-03508-HB    Document 1-2    Filed 04/10/2008    Page 1 of 11

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 24 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIANNE MILLER, | ) | PLAINTIFF |
| | ) | |
| | ) | |
| | ) | **1 07-CV-2644** |
| v. | ) | CIVIL ACTION NO._____ |
| | ) | |
| | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | |
| MACMILLAN PUBLISHERS, INC | ) | |
| SAINT MARTIN'S PRESS, | ) | |
| HEATHER HUNTER | ) | |
| AND MICHELLE VALENTINE | ) | DEFENDANTS |

**COMPLAINT**

1.     This is an action at law to redress damages caused to the Plaintiff through tortuous interference with business advantage, plagiarism and other actionable practices and conduct by Defendants.

**PARTIES, JURISDICTION, AND VENUE**

2.     The Plaintiff, Dianne Miller, is an adult resident citizen of Washington, D.C., whose address is 2950 Van Ness St. NW # 527, Washington, D.C.

3.     Defendant, Holtzbrinck Publishers, LLC, (hereafter "Holtzbrinck"), at all times relevant hereto, is a limited liability company created and organized under the laws of the state of New York and whose address is 175 9th Avenue, New York, NY 10010 and is subject to service of process by and through its General Counsel.

4.     Defendant, MacMillan Publishers, Inc, (hereafter "MacMillan"), at all times relevant hereto, is a corporation created and organized under the laws of the state

of New York and whose address is 175 9th Avenue, New York, NY 10010 and is subject to service of process by and through its General Counsel.

5.      Defendant, Saint Martins Press, (hereafter "St. Martins"), at all times relevant hereto, is a limited liability company created and organized under the laws of the state of New York and whose address is 175 9th Avenue, New York, NY 10010 and is subject to service of process by and through its General Counsel.

6.      Defendant, Heather Hunter (hereafter "Hunter"), at all times relevant hereto, is an adult citizen of the State of New York who resides at an address unknown to Plaintiff at this time.

7.      Defendant, Michelle Valentine (hereafter "Valentine"), at all times relevant hereto, is an adult citizen of the State of New York who resides at an address unknown to Plaintiff at this time.

8.      The Court has subject-matter jurisdiction of this case under 28 U.S.C. § 1332 (a).

9.      Venue is proper in this Court because the acts delineated below all occurred either partially or in totality in Atlanta, GA.  Furthermore the book, subject matter of this litigation, sold by the defendant is distributed on a national level and is sold and circulated in Atlanta, Georgia.

<u>**FACTS**</u>

10.     The Plaintiff, Diane Miller, is an author who agreed to write a book in conjunction, with Defendant, Heather Hunter, for publication.

11.     Sometime in April of 2005, Plaintiff Miller delivered a finished manuscript to Defendant Hunter and her agent.

12.    On or about July 24, 2007, Defendants Holtzbrinck, MacMillan, and Saint Martin's released a book purportedly written by Defendant Hunter and Defendant Valentine.

13.    The book released by Hunter and Valentine is the substantially the same work and product that Plaintiff wrote for Hunter.

14.    Defendant Hunter intentionally misled Plaintiff into believing that she would be paid and acknowledged as the principal writer of the book in question.

15.    The Defendant Valentine, intentionally took the manuscript written by Plaintiff, and held it out as her own work and has failed to acknowledge that the work is that of the Plaintiff or pay Plaintiff forsame.

16.    Defendant Holtzbrinck, MacMillan, and Saint Martins knew that the book purportedly written by Defendant Hunter and Valentine was not an original work and published the book without regard for the rights of the Plaintiff.

## COUNT I

### *Intentional and Tortious Interference with Business Relationship*

17.    The allegations contained in paragraphs 1 through 16 above are incorporated herein as if set forth again in full.

18.    The Defendants' acts delineated hereinabove were willful and intentional.

19.    The Defendants' acts delineated hereinabove were done with the unlawful purpose of causing damage and loss to the Plaintiff's business.

20.    The Defendants' acts delineated hereinabove were calculated to cause loss and damage to Plaintiff in its lawful business or undertakings.

3

21.    Defendants' conduct constitutes tortuous interference and caused damage to Plaintiff Dianne Miller's business relations with those inside of the literary community by failing to give Plaintiff notoriety for the manuscript written.

## COUNT II

*Intentional Conversion of Plaintiff's Manuscript*

22.    The allegations contained in paragraphs 1 through 21 above are incorporated herein as if set forth again in full.

23.    The intentional acts complained constitute unlawful conversion of an unpublished manuscript by Defendants Holztbrinck, Macmillan, St. Martin's, and Valentine.

24.    The Defendants conduct delineated above has caused Plaintiff to suffer a loss of personal property that was in her rightful possession at the time of the alleged incident.

## COUNT III

*Fraudulent Inducement and Misrepresentation*

25.    The allegations contained in paragraphs 1 through 24 above are incorporated herein as if set forth again in full.

26.    The intentional acts complained of constitute both fraudulent inducement and intentional misrepresentation on the part of Defendant Hunter in inducing Plaintiff to write the manuscript with her Defendant Hunter in full knowledge that she never intended Plaintiff to receive her due credit.

4

27.    The Defendant through her conduct delineated above caused Plaintiff to suffer from a loss of income.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

      (a)  Trial by jury;

      (b)  Judgment for Plaintiff and against the Defendants;

      (c)  An award of damages in the amount of one million dollars ($1,000,000) which will fully and fairly compensate Plaintiff for lost revenues and compensatory damages caused by Defendants' actions;

      (d)  Reasonable attorney's fees, costs and expenses;

      (e)  Punitive damages of two million dollars ($2,000,000) to deter like conduct in the future by these Defendants and other similarly situated persons and entities;

      (f)  Such other and further relief as may be deemed just and proper in the premises.

### JURY TRIAL DEMAND

Plaintiff demands a trial by struck jury of all issues in this cause.

Respectfully submitted, this the _____ day of _____, 2007.

5

DIANNE MILLER.
PLAINTIFF

Charles T. Brant (GA Bar No
Colom and Brant Law Firm
170 Mitchell Street SW
Atlanta, GA 30303
Attorney for Plaintiff

**PLAINTIFF REQUEST SERVICE OF PROCESS ON DEFENDANTS BY CERTIFIED RETURN RECIEPT REQUESTED.**

JS44 (Rev. 5/05 NDGA)    **CIVIL COVER SHEET**    1 07-cv-2644

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

DIANNE MILLER

## DEFENDANT(S)

HOLTZBRINCK PUBLISHERS, LLC, MACMILLAN PUBLISHERS, INC, SAINT MARTIN'S PRESS, MICHELLE VALENTINE, AND HEATHER HUNTER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DISTRICT OF COLUMBIA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT NEW YORK
(IN U.S. PLTF CASES ONLY)

NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

CHARLES T. BRANT
170 MITCHELL STREET, SW
ATLANTA, GA 30303

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U S GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [ ] 3 FEDERAL QUESTION (U S GOVERNMENT NOT A PARTY)
- [x] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| [ ] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| [x] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [x] 1 ORIGINAL PROCEEDING
- [ ] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (SPECIFY DISTRICT)
- [ ] 6 MULTIDISTRICT LITIGATION
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

INTENTIONAL AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS, UNLAWFUL CONVERSION, AND

(IF COMPLEX, CHECK REASON BELOW)

- [ ] 1. Unusually large number of parties
- [ ] 2. Unusually large number of claims or defenses
- [ ] 3 Factual issues are exceptionally complex
- [ ] 4 Greater than normal volume of evidence
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7 Pending parallel investigations or actions by government
- [ ] 8. Multiple use of experts.
- [ ] 9 Need for discovery outside United States boundaries
- [ ] 10 Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

JOE    370    28:1332A

## VI. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [x] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS (Filed Pro se)
- [ ] 555 PRISON CONDITION(S) (Filed Pro se)

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS (Filed by Counsel)
- [ ] 555 PRISON CONDITION(S) (Filed by Counsel)

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 R.R. & TRUCK
- [ ] 650 AIRLINE REGS.
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK

**PROPERTY RIGHTS - "0" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. PLAINTIFF OR DEFENDANT)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] ARBITRATION (CONFIRM/VACATE/ORDER/MODIFY)

(Note: Please mark underlying Nature of Suit as well)

\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF CLASS ACTION UNDER F.R. CIV.P. 23   DEMAND $ _____

JURY DEMAND [x] YES [ ] NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE _____   DOCKET NO. _____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S):
- [ ] 7. EITHER SOME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____ , WHICH WAS DISMISSED. THIS CASE [ ] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_Charles J. Brant / RTS._    10/24/07

SIGNATURE OF ATTORNEY OF RECORD    DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

___NORTHERN___ District of ___GEORGIA___

DIANNE MILLER

**SUMMONS IN A CIVIL ACTION**

V.

HOLTZBRINCK PUBLISHERS, LLC ET. AL

CASE NUMBER: *1:07-cv-2644*-**JOF**

TO: (Name and address of Defendant)

Michelle Valentine
c/o Nancy Flowers
Flowers and Hayward Publicity and Management
4 East 107th Street, Suite 5G
New York, NY 10029

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles T. Brant
170 Mitchell Street, SW
Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within ___~~30~~ 20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JAMES N. HATTEN                    0 1 NOV 2007

CLERK

(By) DEPUTY CLERK                  DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                          Date                        Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | GEORGIA |

DIANNE MILLER

**SUMMONS IN A CIVIL ACTION**

V.
HOLTZBRINCK PUBLISHERS, LLC ET. AL

CASE NUMBER: $1:07-cv-2644$-JOF

TO: (Name and address of Defendant)

> MacMillan Publishers, Inc
> c/o St. Martin's Press
> Attn:  Office of General Counsel
> 175 5th Avenue
> New York, New York 10010-7848

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Charles T. Brant
> 170 Mitchell Street, SW
> Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____ 30 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JAMES N. HATTEN

01 NOV 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| **RETURN OF SERVICE** | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| **STATEMENT OF SERVICE FEES** | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          *Signature of Server*


                              _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

___NORTHERN___        District of        ___GEORGIA___

DIANNE MILLER

**SUMMONS IN A CIVIL ACTION**

V.

HOLTZBRINCK PUBLISHERS, LLC ET. AL

CASE NUMBER:

1:07-CV-2644-JOF

TO: (Name and address of Defendant)

> Holtzbrinck Publishers, LLC
> c/o Holtzbrinck Publishing Holdings LP
> Attn: Office of General Counsel
> 175 5th Avenue
> New York, New York 10010-7848

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Charles T. Brant
> 170 Mitchell Street, SW
> Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____ 38 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.


JAMES N. HATTEN                              0 1 NOV 2007

CLERK

(By) DEPUTY CLERK                           DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                     Date                              *Signature of Server*


                                         _____
                                              *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN                     District of                     GEORGIA

DIANNE MILLER

**SUMMONS IN A CIVIL ACTION**

V.

HOLTZBRINCK PUBLISHERS, LLC ET. AL

CASE NUMBER: $1:07-CV-2644$ -JOF

TO: (Name and address of Defendant)

St. Martin's Press
Attn:  Office of General Counsel
175 5th Avenue
New York, New York 10010-7848

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles T. Brant
170 Mitchell Street, SW
Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____ 30 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

JAMES N. HATTEN                         0 1 NOV 2007

CLERK                                   DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date              *Signature of Server*

                         _____
                         *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN                 District of                 GEORGIA

DIANNE MILLER

**SUMMONS IN A CIVIL ACTION**

V.
HOLTZBRINCK PUBLISHERS, LLC ET. AL

CASE NUMBER:

1:07-CV-2644 **-JOF**

TO: (Name and address of Defendant)

Heather Hunter
c/o Dave Copeland
630 9th Avenue
New York, New York 10036

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles T. Brant
170 Mitchell Street, SW
Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

JAMES N. HATTEN

CLERK

(By) DEPUTY CLERK

0 1 NOV 2007

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
         Date             *Signature of Server*

                     *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| DIANNE MILLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOLTZBRINCK PUBLISHERS, LLC, | ) Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) |
| SAINT MARTIN'S PRESS, | ) |
| HEATHER HUNTER, and | ) |
| MICHELLE VALENTINE | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME

Defendants Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, Heather Hunter, and Michelle Valentine, by and through counsel, respectfully request an extension of time until December 17, 2007 to move, answer or otherwise respond to the Complaint.

The undersigned counsel have recently been engaged by the Defendants in this action. Although several Defendants have been served, Defendant Valentine has not, and counsel has agreed to accept service on her behalf.

In order to permit all Defendants have a single date on which to move, answer and otherwise respond to the Complaint, and to permit counsel adequate time to prepare, Defendants request an extension of time until December 17, 2007.

The extension will extend the response date of the corporate Defendants by less than two weeks (from December 4 to December 17), and the response date of Defendant Hunter by less than a week (from December 11 to December 17).

In a telephone conference, counsel for Plaintiff has consented to such an extension.

Respectfully submitted,

**FOR: DOW LOHNES PLLC**

_____

Peter C. Canfield
  Georgia Bar No. 107748
Thomas M. Clyde
  Georgia Bar No. 170955
Christopher L. Meazell
  Georgia Bar No. 500497

Six Concourse Parkway
Atlanta, Georgia 30328-6117
(770) 901-8800

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Consent Motion for

Extension of Time was served this 28th day of November, 2007, via electronic

mail, on the following individual:

> Charles Tyrone Brant
> Colom and Brant
> 170 Mitchell Street
> Atlanta, GA 30303
> cbrant@colomandbrantlaw.com

_____
Thomas M. Clyde

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DIANNE MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) | |
| SAINT MARTIN'S PRESS, | ) | |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Upon consideration of Defendants' Consent Motion for Extension of Time, it is hereby GRANTED. Defendants answer, motion or other response to the Complaint shall be due on December 17, 2007.

SO ORDERED this _____ day of _____, 2007

_____
J. OWEN FORRESTER
Judge, United States District Court,
Northern District of Georgia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DIANNE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | CIVIL ACTION |
| MACMILLAN PUBLISHERS, INC., | ) | |
| ST. MARTIN'S PRESS, | ) | File No.: 1:07cv2644-JOF |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MOTION TO DISMISS FOR IMPROPER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants move to dismiss this action based upon improper venue.

In accordance with LR 7.1 N.D.Ga., Defendants' motion is supported by the attached memorandum of law.

This 17th day of December, 2007.

<div style="margin-left: 40%;">

Respectfully submitted,

FOR: DOW, LOHNES, PLLC


/s/ Thomas M. Clyde
Peter C. Canfield
    Georgia State Bar No. 107748
Thomas M. Clyde
    Georgia State Bar No. 170955
Christopher L. Meazell
    Georgia State Bar No. 500497

</div>

Six Concourse Parkway
Suite 1800
Atlanta,  Georgia  30328
(770) 901-8800

<div style="margin-left: 40%;">

Attorneys for Defendants

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIANNE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | CIVIL ACTION |
| MACMILLAN PUBLISHERS, INC., | ) | |
| ST. MARTIN'S PRESS, | ) | File No.: 1:07-cv-2644-JOF |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS FOR IMPROPER VENUE

In accordance with LR 7.1 N.D.Ga., Defendants submit this memorandum of

law in support of their motion to dismiss for improper venue.

## INTRODUCTION AND FACTUAL BACKGROUND

As is evident from the content of Plaintiff's Complaint, venue for this

diversity action does not lie in the Northern District of Georgia.  In short, this

controversy arises out of the alleged, tortious pre-publication conduct of various

Defendants in connection with a 2007 book entitled *Insatiable: The Rise of a Porn

Star* (the "Book").   Not a single party to the case is a resident of Georgia, much

less this District.  <u>See</u> Compl. ¶¶ 2 - 7 (averring Washington, D.C. residency for

Plaintiff and New York residency for each Defendant "at all times relevant hereto"). And the allegedly tortious activities about which Plaintiff complains revolve around the authorship of a book written in New York by residents of New York, and published by companies based in New York. <u>See</u> Declaration of Heather Hunter ¶¶ 2-5, attached hereto as Exhibit 1. Indeed, all of the allegations, evidence and witnesses relevant to this case (with the exception of Plaintiff's attorney) have no connection whatsoever to the State of Georgia. <u>See</u> Exh. 1 ¶¶ 4-7. Nevertheless, Plaintiff filed suit in this Court and blandly asserts in Paragraph 9 of her Complaint that venue is proper here. It is not.

As a straightforward reading of 28 U.S.C. § 1391 and the claims contained in Plaintiff's Complaint demonstrate, venue in this diversity action is not proper in this Court or in any other district in this State. Defendants accordingly request that this Court dismiss this action for failure to comport with the requirements of 28 U.S.C. § 1391(a).

## ARGUMENT

### I. Under the Plain Terms of 28 U.S.C. § 1391, Venue of This Case is Not Proper in This Court

Where federal jurisdiction is founded on diversity, the question of venue is governed by 28 U.S.C. § 1391(a).  Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352 , 1355 (11th Cir. 1990).   A  review of the plain language of the statute demonstrates that venue is not proper in this Court.

Section 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

### A. Subsections (a)(1) and (a)(3) Do Not Support Venue In This District

As the averments of Plaintiff's own Complaint demonstrate, the first and third bases for establishing venue under Section 1391(a) do not support venue in this district.

Subsection (a)(1) permits a suit to be brought in "a judicial district where any defendant resides, if all defendants reside in the same State."  For purposes of venue, all the defendants in this case do reside in the same State – New York – but

- 3 -

Plaintiff failed to file her lawsuit in a judicial district in that State.  Defendants

Hunter and Valentine are longtime residents of New York (<u>See</u> Compl. ¶¶  6, 7;

Exh. 1 ¶¶ 2, 5), and Defendants Holtzbrinck Publishers, LLC, Macmillan

Publishers, Inc. and St. Martin's Press are, by operation of law, considered

residents there for purposes of venue.  <u>See</u> Compl. ¶¶  3 - 5; 28 U.S.C. § 1391(c)

("For purposes of venue under this chapter, a defendant that is a corporation shall

be deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced.").[1]  Accordingly, subsection

(a)(1) affords venue of this case in either the Southern or Eastern Districts of New

York,[2] but it does not provide any basis for venue in Georgia.

Similarly unhelpful to Plaintiff is Subsection (a)(3), which permits venue in

"a judicial district in which any defendant is subject to personal jurisdiction at the

time the action is commenced, if there is no district in which the action may

otherwise be brought."  Obviously, for (a)(3) to apply, there must first be a finding

that there is "no district in which the action may otherwise be brought."  As

---

[1]     St. Martin's Press and Holtzbrinck Publishers, LLC are limited liability companies, which are afforded the same treatment for venue purposes as a corporation such as Macmillan Publishers, Inc.  <u>See</u> <u>generally</u> Moore's Federal Practice, § 110.03[5] (3d ed. 1997).

[2]     Four of five Defendants reside within the Southern District of New York (Manhattan and Bronx), with Ms. Hunter residing in the Eastern District of New York (Brooklyn).  Defendants collectively suggest that the Southern District would be the more proper Subsection (a)(1) venue for purposes of convenience.

discussed above, in this case, there are at least two districts in which this action

may otherwise be brought:  the Southern and Eastern Districts of New York.

**B.    Subsection (a)(2) Does Not Support Venue Here**

Equally unavailing is Subsection (a)(2), which authorizes venue in "a

judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action

is situated."  Because this is not an <u>in rem</u> action, venue is only appropriate in

Georgia if Plaintiff can show a substantial part of the events or omissions giving

rise to her claims occurred here.  This is a standard which Plaintiff cannot meet.[3]

Under Subsection (a) 2: "[s]ubstantiality is intended to preserve the element

of fairness so that a defendant is not haled into a remote district having no real

relationship to the dispute."  <u>Cottman Transmission Sys., Inc., v. Martino</u>, 36 F.3d

291, 294 (3rd Cir. 1994) (reversing trial court's finding of proper venue).  <u>See also</u>

<u>Cameron v. Thornburgh</u>, 983 F.2d 253 (D.C. Cir. 1993) (reversing trial court and

---

[3]    The burden of establishing proper venue is on Plaintiff Miller. <u>See</u> <u>Delta Air</u>
<u>Lines, Inc. v. W. Conf. of Teamsters Pens. Trust Fund</u>, 722 F. Supp. 725, 727
(N.D. Ga. 1989) (holding "burden of establishing proper venue is on plaintiffs");
14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice</u>
<u>and Procedure</u> § 3826 (2007) ("[W]hen an objection has been raised, the burden is
on the plaintiff to establish that the district he or she has chosen is a proper
venue.... This approach is consistent with the plaintiff's threshold obligation to
show that the case belongs in the particular district court in which suit has been
instituted.").

finding venue improper because all actions allegedly taken by defendant relating to complained-of tort occurred in other jurisdiction); <u>Miller v. Meadowlands Car Imports, Inc.</u>, 822 F. Supp. 61, 64 (E.D. Conn. 1993) (venue improper because "a substantial part of the activities did not take place" in the forum).

Courts have articulated the "substantial part of the events" standard of Section 1391(a)(2) as requiring a "substantial nexus" between the forum in which the suit was filed and the allegedly tortious activity of the defendants.  For example, in <u>PI, Inc. v. Quality Products, Inc.</u>, 907 F.Supp. 752, 757-758 (S.D.N.Y. 1995), the court found venue to be improper because plaintiff, in a breach of contract suit, could not show a substantial nexus between the preparation of the contract, which occurred in Arkansas and Florida, and the forum, New York.  <u>See also</u> <u>Emjayco v. Morgan Stanley & Co., Inc.</u>, 901 F.Supp. 1397 (C.D. Ill. 1995) (venue improper; court unwilling to impute other defendants' conduct within Illinois to this defendant, whose only substantial acts occurred in New York).

Plaintiff pays only lip service to this substantiality requirement in Paragraph 9 of her Complaint, stating:

> Venue is proper in this Court because the acts delineated below all occurred either partially or in totality in Atlanta, GA.   Furthermore the book, subject matter of this litigation, sold by the defendant is distributed on a national level and is sold and circulated in Atlanta, Georgia.

Not only is this naked allegation in the midst of a bare-bones Complaint itself legally insufficient to carry venue, but the entirety of this assertion is belied by the remainder of the Complaint.

First, Plaintiff's assertion that "the acts delineated below all occurred either partially or in totality in Atlanta" is simply false. This is evident from a review of the Complaint as a whole. All of the allegedly tortious activities were purportedly done by New Yorkers in New York. See, e.g., Compl., ¶¶ 10-16 (setting forth purported "facts" all of which involve a manuscript delivered to New York and actions taken in New York); Count I, ¶¶ 17-21 (alleging tortious interference stemming from New York Defendants' actions); Count II, ¶¶ 22-24 (alleging conversion of unpublished material by New York Defendants); Count III, ¶¶ 25-27 (alleging fraud stemming from New York Defendants' actions).

At its core, the wrongdoing alleged in the complaint is a purported conspiracy developed by New Yorkers in New York to "convert" a manuscript located in New York. Simply put, none of the alleged events giving rise to Plaintiff's tort claims occurred here in Georgia. The New York-centricity of this case is further confirmed by co-author Hunter (Exh. 1 ¶¶ 2-8).

While Plaintiff Miller may claim to have acted from Atlanta (or any other locale for that matter), her actions do not form the basis of the allegedly tortious conduct alleged in the Complaint. The very language of Section 1391(a)(2) –

"events or omissions giving rise to the claim" – suggests "a focus on the actions of the defendant, not on those of the plaintiff."  Gaines, Emhof, Metzler & Kriner v. Nisberg, 843 F.Supp. 851, 854 (W.D.N.Y. 1994).  In tort cases such as this, "the factors that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt."  14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3806.1 at 214-15 (2007).  Moreover, the proper emphasis is on the location of the conduct at issue.  See Id. at 215-16 ("[m]ost courts have found that the suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district…because otherwise venue would almost always be proper at the place of plaintiff's residence, an option Congress explicitly removed with the 1990 amendments to the diversity portion of the statute").  Not surprisingly then, courts have repeatedly rejected efforts to establish venue based on Plaintiffs' actions or injuries, as opposed to the events giving rise to the claim. See generally Id. at n.17 (collecting cases).

In this case Ms. Hunter had no interaction with Ms. Miller related to the Book in Georgia (Exh. 1 ¶¶ 6-8), and all of the allegedly tortious conduct occurred in New York, thus rendering Georgia an inappropriate venue for this tort action. See, e.g., I.M.D. USA, Inc. v. Shalit, 92 F. Supp. 2d 315 (E.D.N.Y. 2000) (Suit alleging breach of contract to sell diamonds on consignment, and conversion, was

properly venued in South Carolina, where defendant lived and diamonds were allegedly converted, rather than Eastern District of New York, where parties happened to meet socially prior to entering into agreement); Jones v. Trump, 919 F. Supp. 583, 587-89 (D. Conn. 1996) (Federal district court in Connecticut was improper venue for claims alleging trespass, destruction of private property, theft, violation of privacy, and conversion arising out of actions taken by defendants at Connecticut plaintiff's New York office; actions did not substantially arise from events or omissions occurring in State of Connecticut).

Apparently recognizing the deficiency of her general venue pleading, Plaintiff tries to bolster her case by citing the sale and distribution of the Book nationwide and within Atlanta. The acts claimed in Plaintiff's Complaint, however, have nothing whatsoever to do with the sale and publication of the Book. Rather, they plainly surround the alleged pre-publication conduct of Defendants in connection with a purported manuscript that pre-existed the work as eventually published. See, e.g., Compl., ¶¶ 10-16 ("facts" occurring prior to the actual publication of the Book); Count I, ¶¶ 17-21 (alleging tortious interference stemming from pre-publication actions); Count II, ¶¶ 22-24 (alleging conversion of unpublished material); Count III, ¶¶ 25-27 (alleging fraud stemming from pre-publication actions). The actual publication of the book itself forms no part of Plaintiff's allegations. As such, its availability or sale *vel non* in the State of

Georgia is irrelevant for purposes of venue – undercutting Plaintiff's secondary assertion for an adequate venue foundation.

This leaves the question of why Plaintiff chose to file this case in Atlanta - an obviously improper venue with no connection to either the parties or events at issue?  The answer to this is simple:  the case was apparently brought here for the convenience of Plaintiff's Atlanta-based counsel – an inappropriate basis for venue.  See Ramsey v. Fox News Network, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) (convenience of counsel irrelevant to issue of determining venue (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 284 (N.D. Ga.1983))).

Obviously, the location of the alleged "events or omissions giving rise to the claim" is not in Georgia.  The language of Section 1391(a)(2) and the case law interpreting it compel a conclusion that venue is not proper in this Court.

## II.    Under 28 U.S.C. § 1406(a), Plaintiffs' Complaint Should Be Dismissed for Improper Venue

Because venue has been laid in the wrong district, the case should be dismissed.  Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiff has not and cannot show that the interests of justice are served by transfer in lieu of dismissal.  Plaintiff brought this case in a forum in which venue

is improper as to all defendants, albeit convenient for Plaintiff's counsel.  Counsel

for Defendants informed Plaintiff's counsel[4] of this deficiency, and asked that the

Complaint be withdrawn prior to the expenditure of time and resources on this

Motion.  Plaintiff's counsel refused, maintaining Plaintiff's effort to force the

litigation to occur in this distant and inconvenient forum.  Plaintiffs' decision to

file in a district where Plaintiff had to know venue was improper should not be

rewarded by a transfer that simply encourages this and other Plaintiffs to disregard

the basic statutes dictating where suits can properly be brought and encourages the

filing of unnecessary pleadings that increase the time and expense of the case to

defendants and the Court.  See, e.g., Hapaniewski v. City of Chicago Heights, 883

F.2d 576, 579 (7th Cir. 1989).[5]

Moreover, even if the Court were to find that venue may be proper here,

Defendants submit that the Court should exercise its discretion pursuant to Section

1404(a) and, in the interests of justice, transfer the case to the Southern District of

---

[4]    When Defendants' counsel attempted to speak to counsel of record for
Plaintiff, Defendants' counsel was referred instead to two attorneys at the same
firm located in Columbus, Mississippi.  The Columbus counsel -- Wilbur Colom
and Edtrik Baker -- have indicated they will be primarily handling the case and
refused to withdraw the action.

[5]    Earlier this year, Plaintiff's counsel of record similarly filed a complaint in
this district without a proper basis to establish jurisdiction and venue.  See Genesis
Press, Inc. v. Parker Publishing, Case No. 06-cv-2350-ODE (July 5, 2007 Order
granting Rule 12(b) motion [Doc. No. 30]).

New York for the convenience of the parties and witnesses – all of whom, but for the Washington, D.C.- based Plaintiff, are located in New York.

## <u>CONCLUSION</u>

For all of these reasons, the Court should dismiss Plaintiff's Complaint for improper venue.

This 17th day of December, 2007.

Respectfully submitted,

FOR:  DOW, LOHNES, PLLC


/s/ Thomas M. Clyde
Peter C. Canfield
   Georgia State Bar No. 107748
Thomas M. Clyde
   Georgia State Bar No. 170955
Christopher L. Meazell
   Georgia State Bar No. 500497


Six Concourse Parkway
Suite 1800
Atlanta,  Georgia  30328
(770) 901-8800

Attorneys for Defendants

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS</u>

I hereby certify that the foregoing MOTION TO DISMISS OF

DEFENDANTS FOR IMPROPER VENUE, and MEMORANDUM OF LAW IN

SUPPORT have been prepared in a font and point selection approved by the Court

in Local Rule 5.1B.

DATED this 17th day of December, 2007.

<div style="text-align:center">

<u>/s/ Christopher L. Meazell</u>
Christopher L. Meazell
Ga. Bar No. 500497

</div>

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing MOTION TO

DISMISS FOR IMPROPER VENUE with the Court using the CM/ECF system,

which will send electronic notice of same to the below-listed counsel of record:

**Charles Tyrone Brant**
Office of Charles T. Brant
170 Mitchell Street
Atlanta, GA 30303
404-522-5900
Email: cbrant@colomandbrantlaw.com

DATED this the 17th day of December, 2007.


/s/ Christopher L. Meazell
Christopher L. Meazell
Ga. Bar No. 500497

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DIANNE MILLER,                                )<br>                                                          )<br>             Plaintiff,                                )<br>                                                          )<br>      v.                                                  )<br>                                                          )<br>HOLTZBRINCK PUBLISHERS, LLC,   )<br>MACMILLAN PUBLISHERS, INC.,       )<br>ST. MARTIN'S PRESS,                        )<br>HEATHER HUNTER, and                   )<br>MICHELLE VALENTINE,                   )<br>                                                          )<br>             Defendants.                          )<br>_____ ) | CIVIL ACTION<br><br>File No.: 1:07-cv-2644-JOF |

## DECLARATION OF HEATHER HUNTER

STATE OF NEW YORK
COUNTY OF KINGS

1.    I am named as a defendant in the above action and make this declaration in

support of the Defendants' motion to dismiss for improper venue. I have personal

knowledge of the facts set forth herein.

2.    I am a resident of Brooklyn, New York, and have lived here since late-2002.

3.    I am the co-author of the novel, "Insatiable: The Rise of a Porn Star." It is

the novel referenced in the Complaint.

4.     All of the writing that I did in connection with preparing the novel was done from my home office in New York.

5.     In addition, my discussions with my co-author Michelle Valentine, who is located in the Bronx, occurred in New York. My discussions with my agent, who is located in Manhattan, took place in New York. My discussions with my publisher St. Martin's Press were with employees located in New York City. To the best of my knowledge, all of my communications with any other people relating to the novel occurred while I was located in New York.

6.     My communications with Diane Miller related to an early version of the novel, and all occurred via telephone or e-mail while I was located in New York.

7.     On one occasion in early 2006, as part of a promotional tour for my music CD "Double H: The Unexpected," I briefly met Dianne Miller in person during a general meet-and-greet session at an Atlanta night club. Ms. Miller was one of a number of well-wishers and the meeting was only social.

8.     I never visited Georgia in connection with writing the novel.

9.     I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __ day of December, 2007 at Brooklyn, New York.

Heather Hunter

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIANNE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | CIVIL ACTION |
| MACMILLAN PUBLISHERS, INC., | ) | |
| ST. MARTIN'S PRESS, | ) | File No.: 1:07cv2644-JOF |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that Christopher L. Meazell of the law firm of Dow

Lohnes PPLC hereby enters an appearance on behalf of Defendants.

This 19th day of December, 2007.

Respectfully submitted,

<u>/s/ Christopher L. Meazell</u>
Christopher L. Meazell
   Georgia State Bar No. 500497

DOW LOHNES PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328
(770) 901-8800

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing NOTICE OF

APPEARANCE with the Court using the CM/ECF system, which will send

electronic notice of same to the below-listed counsel of record:

**Charles Tyrone Brant**
Office of Charles T. Brant
170 Mitchell Street
Atlanta, GA 30303
404-522-5900
Email: cbrant@colomandbrantlaw.com

DATED this the 19th day of December, 2007.

/s/ Christopher L. Meazell
Christopher L. Meazell
Ga. Bar No. 500497

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| DIANNE MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) | |
| SAINT MARTIN'S PRESS, | ) | |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff Dianne Miller, by and through counsel, respectfully request an extension of time until January 22, 2008 to answer or otherwise respond to the Motion to Dismiss for Improper Venue.

The undersigned counsel has contacted counsel for the Defendants in an effort to resolve the pending motion. Defense counsel has stated that he will contact his clients in order to ascertain whether an agreement can be made. He informed Plaintiff's counsel that a response to such request would be made during the week of January 7 through January 11, 2008.

In order to permit Defense counsel ample opportunity to communicate with his clients and to allow Plaintiff's attorney enough time to draft a proper response, the Plaintiff request an extension of time until January 22, 2008.

This 4th day of January, 2008.

Respectfully submitted,

/s/ Charles T. Brant_____
Charles T. Brant, Esq.
Attorney for Plaintiff

GA Bar #078070
170 Mitchell St. S.W.
Atlanta, GA 30303
Telephone: 404-522-5900
Facsimile: 404-526-8855

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| DIANNE MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) | |
| SAINT MARTIN'S PRESS, | ) | |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Extension of Time, it is hereby

GRANTED.  Plaintiff's response motion or other response to the Motion to

Dismiss for Improper Venue is due on January 22, 2008.

SO ORDERED this _____ day of _____, 2008

_____
J. OWEN FORRESTER
Judge, United States District Court,
Northern District of Georgia

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **MOTION FOR EXTENSION OF TIME** upon the following counsel for the parties by e-filing and U.S. first class mail to :

Thomas M. Clyde, Esq.
DOW, LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328

Peter C. Canfield, Esq.
DOW, LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328

Christopher L. Meazell, Esq.
DOW, LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328

This 4th day of January, 2008.

COLOM AND BRANT

<u>/s/ Charles T. Brant</u>
Charles T. Brant
Georgia Bar No. 078070
Attorney for Defendant

170 Mitchell Street
Atlanta, GA 30303
(404) 522-5900
(404) 526-8855 (facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| DIANNE MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) | |
| SAINT MARTIN'S PRESS, | ) | |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Extension of Time, it is hereby

GRANTED.  Plaintiff's response motion or other response to the Motion to

Dismiss for Improper Venue is due on January 22, 2008.

SO ORDERED this _____ day of _____, 2008

_____
J. OWEN FORRESTER
Judge, United States District Court,
Northern District of Georgia

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| DIANNE MILLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOLTZBRINCK PUBLISHERS, LLC, | )   Case No. 1:07-cv-2644-JOF |
| MACMILLAN PUBLISHERS, INC., | ) |
| SAINT MARTIN'S PRESS, | ) |
| HEATHER HUNTER, and | ) |
| MICHELLE VALENTINE | ) |
| | ) |
| Defendant. | ) |

## ORDER

Upon consideration of Plaintiff's Motion for Extension of Time, it is hereby

GRANTED.  Plaintiff's response motion or other response to the Motion to

Dismiss for Improper Venue is due on January 22, 2008.

SO ORDERED this _____ day of _____, 2008

_____
J. OWEN FORRESTER
Judge, United States District Court,
Northern District of Georgia

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIANNE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLTZBRINCK PUBLISHERS, LLC, | ) | CIVIL ACTION |
| MACMILLAN PUBLISHERS, INC., | ) | |
| ST. MARTIN'S PRESS, | ) | File No.: 1:07-cv-2644-JOF |
| HEATHER HUNTER, and | ) | |
| MICHELLE VALENTINE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**RESPONSE IN SUPPORT
OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Defendants respectfully submit this Response to Plaintiff's Motion for Extension of Time to Respond [Doc. 7], filed January 5, 2008.  Defendants do not oppose Plaintiff's request for an extension through January 22, 2008 to respond to Defendants' Motion to Dismiss for Improper Venue [Doc. 4] and consent to the entry of Plaintiff's Proposed Order.

This 8th day of January, 2008.

Respectfully submitted,

FOR: DOW, LOHNES, PLLC


/s/ Christopher L. Meazell
Peter C. Canfield
   Georgia State Bar No. 107748
Thomas M. Clyde
   Georgia State Bar No. 170955
Christopher L. Meazell
   Georgia State Bar No. 500497


Six Concourse Parkway
Suite 1800
Atlanta,  Georgia  30328
(770) 901-8800

Attorneys for Defendants

**<u>CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS</u>**

I hereby certify that the foregoing RESPONSE IN SUPPORT OF

PLAINTIFF'S MOTION FOR EXTENSION OF TIME has been prepared in a

font and point selection approved by the Court in Local Rule 5.1B.

DATED this 8th day of January, 2008.

<u>/s/ Christopher L. Meazell</u>
Christopher L. Meazell
 Ga. Bar No. 500497

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing RESPONSE IN

SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME with the

Court using the CM/ECF system, which will send electronic notice of same to the

below-listed counsel of record:

**Charles Tyrone Brant**
Office of Charles T. Brant
170 Mitchell Street
Atlanta, GA 30303
404-522-5900
Email: cbrant@colomandbrantlaw.com

DATED this the 8th day of January, 2008.


<u>/s/ Christopher L. Meazell</u>
Christopher L. Meazell
Ga. Bar No. 500497

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF    GEORGIA
ATLANTA DIVISION

DIANNE MILLER,                              )
    Plaintiff,                              )
                             )
                             )
v.                                          )          CIVIL ACTION
                             )
                             )          File No.:1:07cv2644-JOF
                             )
HOLTZBRINK PUBLISHERS, LLC,                  )
MACMILLAN PUBLISHER, INC.,                   )
ST. MARTIN'S PRESS                           )
HEATHER HUNTER, and                          )
MICHELLE VALENTINE                           )
    Respondent,                             )
                             )

---

## ORDER GRANTING TRANSFER OF VENUE

---

**THIS MATTER** having come before this court, and upon consent of

Dianne Miller, Plaintiff and Holtzbrinck Publishers, LLC, MacMillan

Publishers, Inc., St. Martin's Press, Heather Hunter, and Michelle Valentine,

Defendants, the court finds that based upon the acknowledged consent the

parties that Civil Action File no. 1:07 cv 2644-JOF shall be transferred to the

Southern District of New York.

    **IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**

that the individual claims of Dianne Miller asserted in the United State

District Court for the Northern District of Georgia Atlanta Division, Civil Action No. 1:07cv2644-JOF be transferred to the United States District Court for the Southern District of New York. It is further ordered that the clerk of this court duplicate the entire original file on this matter and deliver it to the Circuit Clerk of United States District Court for the Southern District of New York. It also is ordered that any additional costs or fees required for filing this action be paid by Plaintiff herein.

Defendants' answer or other response to the Complaint shall be due 30 days after this action is docketed in the United States District Court for the Southern District of New York.

**SO ORDERED**, this the _____ day of January 2008.

_____
**J. OWEN FORRESTER**
**Judge, United States District Court,**
**Northern District of Georgia**

*Prepared by:*
Charles T. Brant, Esq.
170 Mitchell Street
Atlanta, Georgia 30303
(404) 522-5900
(404) 526-8855 facsimile

**Attorney for Plaintiff:**

COLOM & BRANT
Attorneys at Law

/s/ Charles T. Brant
Charles T. Brant
Georgia Bar No. 078070

170 Mitchell Street
Atlanta, Georgia 30303
Phone: (404) 522-5900
Fax: (404) 526-8855

**Attorney for Defendants**

/s/ Thomas M. Clyde_____
Thomas M. Clyde
GA State Bar No. 170955

Dow, Lohnes, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328
(770) 901-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ORDER GRANTING TRANSFER OF VENUE** upon the following counsel for the parties by e-filing and U.S. first class mail to :

Thomas M. Clyde, Esq.
DOW, LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328

This 22ND day of January, 2008.

/s/ Charles T. Brant
Charles T. Brant
GA Bar No.: 078070

170 Mitchell Street
Atlanta, Georgia 30303
(404) 522-5900
(404) 526-8855 (facsimile)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF    GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIANNE MILLER,<br>  Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | CIVIL ACTION<br><br>File No.:1:07cv2644-JOF |
| | ) | |
| HOLTZBRINK PUBLISHERS, LLC,<br>MACMILLAN PUBLISHER, INC.,<br>ST. MARTIN'S PRESS<br>HEATHER HUNTER, and<br>MICHELLE VALENTINE<br>  Respondent, | ) ) ) ) ) ) ) | |

---

## ORDER GRANTING TRANSFER OF VENUE

---

**THIS MATTER** having come before this court, and upon consent of

Dianne Miller, Plaintiff and Holtzbrinck Publishers, LLC, MacMillan

Publishers, Inc., St. Martin's Press, Heather Hunter, and Michelle Valentine,

Defendants, the court finds that based upon the acknowledged consent the

parties that Civil Action File no. 1:07 cv 2644-JOF shall be transferred to the

Southern District of New York.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**

that the individual claims of Dianne Miller asserted in the United State

District Court for the Northern District of Georgia Atlanta Division, Civil

Action No.  1:07cv2644-JOF be transferred to the United States District

Court for the Southern District of New York.  It is further ordered that the

clerk of this court duplicate the entire original file on this matter and deliver

it to the Circuit Clerk of United States District Court for the Southern

District of New York.  It also is ordered that any additional costs or fees

required for filing this action be paid by Plaintiff herein.

Defendants' answer or other response to the Complaint shall be due

30 days after this action is docketed in the United States District Court for

the Southern District of New York.

**SO ORDERED**, this the ___3rd___ day of ~~January~~ MARCH 2008.


_____

**J. OWEN FORRESTER**
**Judge, United States District Court,**
**Northern District of Georgia**


**_Prepared by:_**
Charles T. Brant, Esq.
170 Mitchell Street
Atlanta, Georgia 30303
(404) 522-5900
(404) 526-8855 facsimile

**Attorney for Plaintiff:**

COLOM & BRANT
Attorneys at Law

/s/ Charles T. Brant
Charles T. Brant
Georgia Bar No. 078070

170 Mitchell Street
Atlanta, Georgia 30303
Phone: (404) 522-5900
Fax: (404) 526-8855

**Attorney for Defendants**

/s/ Thomas M. Clyde_____
Thomas M. Clyde
GA State Bar No. 170955

Dow, Lohnes, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328
(770) 901-8800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **ORDER GRANTING TRANSFER OF VENUE** upon the following counsel for the parties by e-filing and U.S. first class mail to :

Thomas M. Clyde, Esq.
DOW, LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328

This 22ND day of January, 2008.

<u>/s/ Charles T. Brant</u>
Charles T. Brant
GA Bar No.: 078070

170 Mitchell Street
Atlanta, Georgia 30303
(404) 522-5900
(404) 526-8855 (facsimile)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
CLERK OF COURT

CIVIL SECTION
404-215-1655

March 3, 2008

Office of the Clerk
USDC Southern District of New York
120 Daniel Patrick Moynihan, 500 Pearl Street
New York, NY 10007-1312

      Re:    ***Dianne Miller v. Holtzbrink Publishers, LLS, et al,***
              **Civil Action File No. 1:07-cv-2644-JOF**

Dear Clerk:

      Pursuant to an order of the Court dated March 3, 2008, we are transferring the above entitled case to your district.

      Enclosed you will find the entire original file, a certified copy of both the order transferring the case and a copy of our docket sheet.

      Please acknowledge receipt of this file upon the copy of this letter.

          Sincerely,

          James N. Hatten
          Clerk of Court

         By:   s/ Harry F. Martin
             Deputy Clerk

Enclosures
cc:    Counsel of Record

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
CLERK OF COURT

CIVIL SECTION
404-215-1655

April 8, 2008

Office of the Clerk
USDC Southern District of New York
120 Daniel Patrick Moynihan, 500 Pearl Street
New York, NY 10007-1312

> **Re:** ***Dianne Miller v. Holtzbrink Publishers, LLC, et al,***
> **Civil Action File No. 1:07-cv-2644-JOF**

Dear Clerk:

Pursuant to an order of the Court dated March 3, 2008, we are transferring the above entitled case to your district.

Enclosed you will find the entire original file, a certified copy of both the order transferring the case and a copy of our docket sheet.

Please acknowledge receipt of this file upon the copy of this letter.

Sincerely,

James N. Hatten
Clerk of Court


By:   s/ Harry F. Martin
Deputy Clerk

Enclosures
cc:     Counsel of Record