DOCUMENT ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

DIANNE MILLER,

             Plaintiff,

      - against -

HOLTZBRINCK PUBLISHERS, LLC,
MACMILLAN PUBLISHERS, INC., SAINT
MARTIN'S PRESS, HEATHER HUNTER AND
MICHELLE VALENTINE,

             Defendants.

------------------------------------------------x

Case No. 08-CV 03508(HB)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT HEATHER HUNTER

Alan D. Kaplan, Esq.
Jorge Amieva, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Phone: (212) 592-1400
E-mail: akaplan@herrick.com;
jamieva@herrick.com
*Attorneys for Heather Hunter*

## **TABLE OF CONTENTS**

                                                                                         Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................2

       I.      THE COMPLAINT FAILS TO STATE A CLAIM FOR TORTIOUS
               INTERFERENCE OR FRAUDULENT INDUCEMENT AS AGAINST
               HUNTER.................................................................................................................2

               A.      The Tortious Interference Claim .................................................................3

               B.      The Fraudulent Inducement Claim ..............................................................5

CONCLUSION.................................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ..................3

*Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 643 (E.D.N.Y. 2003) ......................................................................................................................5, 6

*Am. Gen. Life & Accident Ins. Co. v. Ward*, 530 F. Supp. 2d 1306, 1309-1310 (N.D. Ga. 2008) ..................................................................................................6

*Beacon Syracuse Associates v. City of Syracuse*, 560 F.Supp. 188 (N.D.N.Y. 1983) ..................................................................................................3

*Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)................................6

*Evercrete Corp. v. H-Cap Ltd.*, 429 F.Supp.2d 612 (S.D.N.Y. 2006)................................2

*Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479 (2d Cir. 1998)............................5

*Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 709 F.Supp. 438 (S.D.N.Y. 1989) ..........................................................................................3, 4, 5

*Lopresti v. Terwilliger*, 126 F.3d 34 (2d Cir. 1997) .........................................................3

*MTV Networks, a Division of Viacom International, Inc. v. Curry*, 867 F.Supp. 202 (S.D.N.Y. 1994) ..................................................................................................5

*Martin Ice Cream Co. v. Chipwich, Inc.*, 554 F. Supp. 933, 945 (S.D.N.Y. 1983).............4

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) .................................3

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) .....................................2

*Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F.Supp. 117 (S.D.N.Y. 1996).................3

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) .......................................6

## STATE CASES

*Edelman v. Buchanan*, 234 A.D.2d 675, 650 N.Y.S.2d 874 (3d Dep't 1996)....................5

*Koret, Inc. v Christian Dior, S.A.*, 161 A.D.2d 156, 554 N.Y.S.2d 867 (1st Dep't 1990) ..................................................................................................4

*Shlang v. Bear's Estates Development of Smallwood, N.Y., Inc.*, 194 A.D.2d 914, 599 N.Y.S.2d 141 (3d Dep't 1993)..........................................................................5

*Widewaters Prop. Development Co., Inc. v. Katz*, 38 A.D.3d 1220, 836
    N.Y.S.2d 746 (4th Dep't 2007)..................................................................................4

Defendant Heather Hunter ("Hunter") respectfully submits this memorandum of law in support of HER motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **PRELIMINARY STATEMENT**

Plaintiff Diane Miller has brought suit against Holtzbrinck Publishers, LLC, MacMillan Publishers, Inc., Saint Martin's Press, and Michelle Valentine (collectively, the "MacMillan defendants"), and Heather Hunter ("Hunter") alleging three state causes of action -- intentional and tortious interference with business relationship (Count I), conversion (Count II), and fraudulent inducement and misrepresentation (Count III) -- relating to the publishing of a book, the content of which plaintiff claims is substantially identical to a manuscript plaintiff previously wrote for and delivered to Hunter. The MacMillan defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The MacMillan defendants argue that the state law claims asserted against them -- tortious interference and conversion -- are preempted by the federal Copyright Act and hence must be dismissed. Furthermore, the MacMillan defendants argue that because a prerequisite for bringing a copyright infringement claim is registration of the work for copyright protection, and plaintiff has not alleged that she registered the manuscript for copyright protection, any motion for leave to amend the pleading that may be filed by plaintiff would be futile and should not be considered. The MacMillan defendants also seek dismissal of the Complaint on the additional grounds that the state law claims asserted against them fail to (and cannot) plead the elements necessary to, and cannot, satisfy the causes of action.

Hunter joins in the MacMillan defendants' dismissal motion, and adopts and incorporates by reference as though set forth at length herein the legal arguments made by the MacMillan

1

defendants in their moving papers. Hunter also moves to dismiss the Complaint[1] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and, as to the claims made against her, based on the following additional arguments.

The intentional and tortious interference with business relationship claim (Count I) must fail because under the applicable law, Hunter cannot be deemed to have tortiously interfered in her own business relationship with plaintiff. The conversion claim (Count II) is not directed at Hunter, but even if it were, it too would fail because the Complaint does not allege, nor does plaintiff possess, a superior right to the manuscript, and therefore the elements of a claim for conversion are not satisfied. Finally, the fraudulent inducement and misrepresentation claim (Count III) must fail because plaintiff has not alleged fraud or misrepresentation with the requisite specificity pursuant to Rule 9(b).

## ARGUMENT

### I.  THE COMPLAINT FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE OR FRAUDULENT INDUCEMENT AS AGAINST HUNTER

A court must grant a motion to dismiss pursuant to Rule 12(b)(6) where a complaint states a claim which the plaintiff is without right to assert or for which no relief could possibly be granted. *See Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 620 (S.D.N.Y. 2006); *see also Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

In reviewing a motion to dismiss under Rule 12(b)(6), courts should "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

---

[1] A true copy of the Complaint is attached to the Declaration of Alan D. Kaplan, Esq., in Support of the Notice of Motion to Dismiss the Complaint, dated June 2, 2008, as Exhibit A.

2

Still, for a plaintiff's claim to survive dismissal, he "must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

For the reasons that follow, this Court should grant Hunter's motion to dismiss the tortious interference with business relationship claim (Count I) and the fraudulent inducement or misrepresentation claim (Count III).[2]

### A. The Tortious Interference Claim

"To establish a claim of intentional interference with contractual relations under New York law a plaintiff must prove '(1) the existence of a valid contract; (2) that defendants had knowledge of that contract; (3) that the defendants intentionally procured the breach of that contract; and (4) that damages were suffered.'" *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 709 F. Supp. 438, 453 (S.D.N.Y. 1989) (quoting *Beacon Syracuse Assocs. v. City of Syracuse*, 560 F. Supp. 188, 201 (N.D.N.Y. 1983)). "To establish a claim for interference with business relations a plaintiff must prove that 'defendant[s] interfere[d] with business relations existing between the plaintiff and a third party, either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair or in any way improper.'" *Litton Industries, Inc.*, 709 F. Supp. at 453 (quoting *Martin Ice Cream Co. v. Chipwich, Inc.*, 554 F. Supp. 933, 945 (S.D.N.Y. 1983)) (internal quotations and citations omitted).

---

[2] The conversion claim in the Complaint (Count II) is not directed at Hunter. Even if it were, however, it would fail as a matter of law because a plaintiff alleging conversion must show that the defendant has "exercise[d] unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *Lopresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (quoting *Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F. Supp. 117, 124 (S.D.N.Y. 1996)). In short, there is no dispute that plaintiff delivered the manuscript to Hunter's agent. There's nothing unique or unusual about the manuscript, and presumably plaintiff retained the master computer file of the document. Additionally, because plaintiff alleges that she created the manuscript in conjunction with plaintiff, Complaint, ¶ 20, plaintiff cannot be deemed to have a superior right of possession in the manuscript.

3

It is well established under New York law that "only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract." *Koret, Inc. v Christian Dior, S.A.*, 161 A.D.2d 156, 157, 554 N.Y.S.2d 867 (1st Dep't 1990); *accord Widewaters Prop. Dev. Co., Inc. v. Katz*, 38 A.D.3d 1220, 1222, 836 N.Y.S.2d 746 (4th Dep't 2007).

The Complaint makes the following allegations, among others. Plaintiff agreed to write a book with Hunter for publication, and delivered a manuscript to Hunter and her agent in April 2005. Complaint, ¶¶ 10-11. The MacMillan defendants, on or about July 24, 2007, published a book attributed to Hunter and Valentine that was substantially the same as the manuscript delivered by plaintiff. Complaint, ¶¶ 12-13. With respect to the tortious interference claim, the Complaint further alleges that the acts described above were willful and intentional, and were done with the purpose of causing damage and loss to plaintiff and plaintiff's business. Complaint, ¶¶ 18-20. The Complaint alleges that defendants' conduct constitutes tortious interference with plaintiff's "business relations with those inside of the literary community." Complaint, ¶ 21.

As noted above, to the extent that the "business" referred to in the allegations comprising the tortious interference claim can be read to refer to the business relationship between plaintiff and Hunter, the claim must be dismissed because under New York law Hunter cannot be found to have tortiously interfered in her own business relationship with plaintiff. *See Koret, Inc.*, 161 A.D.2d at 157. Moreover, the Complaint alleges tortious interference with, and damage to, plaintiff's "business relations with those inside of the literary community." Complaint, ¶ 21. The Complaint must also be dismissed for failure to specifically identify the particular third party with whom plaintiff shared a business relationship, and with which Hunter allegedly tortiously interfered. *See Litton Industries, Inc.*, 709 F. Supp. at 453.

Thus, because as a matter of law Hunter cannot be found to have tortiously interfered in her own business relationship with plaintiff, nor could Hunter have tortiously interfered with plaintiff's business relationships with the "literary community," the tortious interference claim should be dismissed. Furthermore, as stated by the MacMillan defendants, the state law tortious interference claim is preempted by the federal Copyright Act, and should be dismissed on that basis as well.

## B. The Fraudulent Inducement Claim

Plaintiff's claim for fraudulent inducement and misrepresentation (Count III) must be dismissed pursuant to Rule 12(b)(6) because it fails to plead fraud with specificity as required by Rule 9(b). *See MTV Networks, a Div. of Viacom Int'l, Inc. v. Curry*, 867 F. Supp. 202, 206 (S.D.N.Y. 1994) ("A claim for fraud must be dismissed under Rule 12(b)(6) if it does not satisfy the Requirements of Rule 9(b)."). Under New York law, the elements of a fraudulent inducement claim are: (1) a knowingly false representation of a material fact and (2) detrimental reliance thereon. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 490 (2d Cir. 1998). A claim for fraudulent inducement must allege misrepresentations that amount to "more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them." *Shlang v. Bear's Estates Dev. of Smallwood, N.Y., Inc.*, 194 A.D.2d 914, 915, 599 N.Y.S.2d 141 (3d Dep't 1993) (citation omitted); *see also Edelman v. Buchanan*, 234 A.D.2d 675, 676, 650 N.Y.S.2d 874 (3d Dep't 1996) ("Significantly, [t]he mere fact that the expected performance was not realized is insufficient to demonstrate that [the promisor] falsely stated its intentions . . . .") (internal quotations and citations omitted); *see also Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 643 (E.D.N.Y. 2003) (noting that "it is well-settled that allegations that a

party entered into a contract with the intention of breaching the contract are insufficient to support a claim of fraud under New York law").

In order to comply with Rule 9(b), the fraud allegations in a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).[3]

The Complaint alleges that Hunter "intentionally misled Plaintiff into believing that she would be paid and acknowledged as the principal writer of the book in question." Complaint, ¶ 14. With respect to the fraudulent inducement and misrepresentation claim, the Complaint alleges that through her conduct Hunter induced plaintiff to write the manuscript, fully knowing "that she never intended Plaintiff to receive her due credit," and thereby causing plaintiff to suffer a loss of income. Complaint, ¶¶ 26-27.

The above allegations, even when viewed in the light most favorable to plaintiff, completely fail to establish a claim for fraud or misrepresentation with the particularity required by Rule 9(b). The allegations fail to specify the statements that the plaintiff contends were fraudulent, and who made them. *See Shields*, 25 F.3d at 1128. The allegations also fail to demonstrate "where and when the statements were made." *See id.* Finally, because the

---

[3] Plaintiff may argue that Georgia law should apply with respect to the fraudulent inducement or misrepresentation claim. However, "[i]n an action in federal district court, even if state law provides the elements of fraud, claimants must plead the circumstances constituting fraud with particularity under Rule 9(b)." 2 James Wm. Moore et al., Moore's Federal Practice P 9:03[1][e] (3d ed. 2003) (quoted in *Alnwick*, 281 F. Supp. 2d at 638). In any event, the analysis would not be any different because under Georgia law in order to comply with Rule 9(b), the party alleging fraud must show: "1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and 3) the content of such statements and the manner in which they misled [defendants], and 4) what [plaintiff] obtained as a consequence of the fraud." *Am. Gen. Life & Accident Ins. Co. v. Ward*, 530 F. Supp. 2d 1306, 1309-1310 (N.D. Ga. 2008) (quoting *Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

Complaint fails to specify the statements which might form the basis of a fraud or misrepresentation claim, it follows that the allegations in the Complaint cannot therefore "explain why the statements were fraudulent." *Id.* Accordingly, the fraudulent inducement and misrepresentation claim (Count III) must be dismissed for failure to satisfy the pleading requirements of Rule 9(b).

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in the MacMillan defendants' moving papers, Hunter's motion to dismiss the Complaint should be granted.

Dated: New York, New York
       June 2, 2008

                              HERRICK FEINSTEIN, LLP

                              By: _/s/ Alan D. Kaplan_
                                  Alan D. Kaplan
                                  Jorge Amieva
                              Attorneys for Defendant Heather Hunter
                              2 Park Avenue
                              New York, NY 10016
                              Phone: (212) 592-1400
                              Email: akaplan@herrick.com;
                              jamieva@herrick.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Southern District of New York on this 2nd day of June, 2008, with notice of case activity generated and sent via regular mail to:

>Charles T. Brant, Esq.
>Colom and Brant Law Firm
>170 Mitchell Street SW
>Atlanta, Georgia 30303
>*Attorneys for Plaintiff*
>
>Robert D. Balin, Esq.
>Davis Wright Tremaine LLP
>1633 Broadway
>New York, New York 10019
>*Attorneys for Holtzbrinck Publishers, LLC,*
>*MacMillan Publishers, Inc., St. Martin's*
>*Press and Michelle Valentine*

_____
Jorge Amieva