UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANNE MILLER, § § § Plaintiff § § v. § § HOLTZBRINCK PUBLISHERS, LLC § MACMILLAN PUBLISHERS, INC., § SAINT MARTIN'S PRESS, HEATHER § HUNTER AND MICHELLE VALENTINE § | Case No. 08-CV 03508(HB) |

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTIONS TO DISMISS OF DEFENDANTS**

/s/ Marianne Camille Spraggins
Marianne Camille Spraggins
SDNY Bar No. MS1242
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS  39703-0866
Telephone:  662-327-0903
Facsimile:  662-329-4832
Email:  kittyspraggins@aol.com

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. ii

Preliminary statement ............................................................................................... 1

Argument................................................................................................................... 1

    I.  Standard of review for motions to dismiss ..................................................... 1
    II.  Miller's Claims Against Hunter For Fraud Is Not Pre-Empted By
        The Copyright Act ........................................................................................ 2
    III.  Miller's cClaims Against Holtzbrinck, Macmillan, St. Martin's and
        Valentine Are Not pPre-Empted By The Copyright Act ........................... 3
    IV.  Miller Is Entitled To Amend To Correct Pleading Deficiencies ................... 5

Conclusion................................................................................................................. 8

Certificate of service ................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

Briarpatch Ltd. LP v. Phoenix Pictures, Inc., 373 F.3d 296, 307 (2d Cir. 2004) ........................ 3, 5
Camp v. Eichelkraut, 539 S.E.2d 588 (Ga. App. 2000) ................................................................. 4
Carvel v Noonan, 3 NY3d 182, 190 (2004) ................................................................................... 4
Charter Mtg. Co. v. Ahouse, 300 S.E.2d 328, 165 Ga.App. 497 (Ga. App., 1983) ....................... 5
Fax Telecommuniciaciones Inc. v. AT&T, 138 F.3d 479, 490 (2d Cir. 1998) ............................... 7
Guard-Life Corp. v S. Parker Hardware Mfg. Corp., 50 NY2d 183 (1990) .................................. 4
Harch International Limited v. Harch Capital Management, Inc., 2007 NY Slip Op 31740, p. 12
    (N.Y. Sup. Ct. 6/13/2007), ......................................................................................................... 4
Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 200 (2d Cir.1983), rev'd on
    other grounds,471 U.S. 539, (1985) .......................................................................................... 6
Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005) .................................................................... 2
Jarallah v. Schoen, 531 S.E.2d 778 (Ga. App. 2000) ..................................................................... 7
Leibowitz v. Cornell University, 445 F.3d 586, 591 (2d Cir. 2006) .............................................. 2
McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). ......................................................... 2
NBT Bancorp Inc. v Fleet/Norstar Financial Group, Inc., 87 NY2d 614 (N.Y. App. 1996) ...... 4, 6
Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) ........................................................................ 2
ProCD, Inc. v. Zeidenberg, 86 F.3d 1447 (7th Cir. 1996) .......................................................... 3, 5
Ronzoni v. Sanofi S.A., 899 F.2d 195, 197 (2d Cir. 1990) .......................................................... 7, 8
Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004 ........................................................................ 2
Trustforte Corp. v. Eisen, 2005 NY Slip Op 52116 (NY 11/15/2005), .................................... 5, 7
Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir.2005) .................................................. 2
Vigilant Insurance Company of America v. Housing Authority of the City of El Paso, 87 NY2d
    36, 45 (N.Y. App. 1995) ............................................................................................................. 5

**Rules**

Fed. R. Civ. P. .15 ....................................................................................................................... 7, 8
Fed. R. Civ. P. 8 .............................................................................................................................. 2

Plaintiff Dianne Miller (Miller) respectfully submits this memorandum in response to the separate motions to dismiss filed by defendants Heather Hunter (Hunter); Holtzbrinck Publishers (Holtzbrinck); MacMillan Publishers, Inc. (MacMillan); St. Martin's Press (St. Martin's); and Michelle Valentine.

## PRELIMINARY STATEMENT

Defendants have filed two motions to dismiss. The first, filed by all of the defendants other than Heather Hunter, alleges failure to state a claim and pre-emption of Ms. Miller's causes of action by the Copyright Act. Valentine also asserts that she has not been served. The second motion, filed individually by Hunter, adds that she cannot be found to have tortiously interfered in her own business relationship with Miller, and that the conversion and misrepresentation claims were not properly pleaded.

In response, plaintiff asserts that the causes of action in this complaint are not pre-empted because they involve personal relationships between the parties and, as such require proof of evidence beyond that required to satisfy a copyright claim. Plaintiff also asserts that she should be permitted to amend to remedy deficiencies in other aspects of her complaint.

## ARGUMENT

### I. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

As the defendants concede, a motion to dismiss should only be granted if the plaintiff can prove no set of facts which would entitle her to relief. *Jacobs v. Ramirez*,

400 F.3d 105, 106 (2d Cir. 2005), citing *Shakur v. Selsky,* 391 F.3d 106, 112 (2d Cir. 2004); *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004).

The pleading requirements of Fed. R. Civ. P. 8 are not onerous, and require only that the plaintiff give fair notice of the grounds of the action; all relevant facts need not be pleaded:

> Rule 8(a) of the Federal Rules of Civil Procedure requires only that complaints contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Indeed, the Rules set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests. Accordingly, "[t]he complaint ... need not 'set out in detail the facts upon which' the claim is based." *Twombly v. Bell Atlantic Corp.,* 425 F.3d 99, 107 (2d Cir.2005).

*Leibowitz v. Cornell University*, 445 F.3d 586, 591 (2d Cir. 2006). In *Leibowitz*, the court of appeals reversed the dismissal of one of plaintiff's causes of action under this standard, and directed that she be granted leave to amend the allegations as to two other causes of action to supply missing elements. Leave to amend is usually the appropriate action when a motion to dismiss is granted, and may only be denied when amendment would be futile. Cf. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).


**II.  MILLER'S CLAIMS AGAINST HUNTER FOR FRAUD IS NOT PRE-EMPTED BY THE COPYRIGHT ACT.**

With respect to Hunter, Miller asserts that Hunter induced Miller to write a book based on representations that Miller would be listed as an author of the book along with Hunter and would be paid.  Specifically, paragraph 14 of the complaint states,

2

"Defendant Hunter intentionally misled Plaintiff [Miller] into believing that she would be paid and acknowledged as the principle writer of the book in question." Later, in paragraph 26, the complaint avers, "The intentional acts complained of constitute both fraudulent inducement and intentional misrepresentation on the part of Defendant Hunter in inducing Plaintiff [Miller] to write the manuscript with her Defendant Hunter in full knowledge that she never intended Plaintiff [Miller] to receive her due credit."

Thus, in addition to an allegation that Hunter used Miller's work as her own, which would be covered by the Copyright Act, Miller also asserts that Hunter fraudulently induced her to *produce* the work. This constitutes an "extra element" not covered by the Copyright Act, which applies only to use of works already produced. See *Briarpatch Ltd. LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 307 (2d Cir. 2004) (Breach of fiduciary duty claim not pre-empted by Copyright Act.); *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir. 1996) (State contract law claim was not pre-empted by the Copyright Act). When a state law cause of action includes an "extra" element, it is not pre-empted by the Copyright Act.

### III. MILLER'S CLAIMS AGAINST HOLTZBRINCK, MACMILLAN, ST. MARTIN'S AND VALENTINE ARE NOT PRE-EMPTED BY THE COPYRIGHT ACT.

Miller's claims against the remaining defendants are derived from her claim against Hunter. The complaint alleges, in paragraph 15, "The defendant Valentine, intentionally took the manuscript written by Plaintiff, and held it out as her own work and has failed to acknowledge that the work is that of Plaintiff or pay Plaintiff for same." In paragraph 16, the complaint continues, "Defendant Holtzbrinck, MacMillan and Saint

3

Martins knew that the book purportedly written by Defendant Hunter and Valentine was not an original work and published the book without regard for the rights of the plaintiff."

Under Georgia law[1],

> To recover under a theory of tortious interference with business relationships, a plaintiff must show defendant: (1) acted improperly and without privilege, (2) acted purposely and maliciously with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury.4 The term "maliciously" is broadly construed to encompass any unauthorized interference, or any interference without legal justification or excuse.

*Camp v. Eichelkraut*, 539 S.E.2d 588 (Ga. App. 2000).

Under New York law, "Tortious interference with prospective business relations requires a showing of: (1) business relations with a third party; (2) the defendant's interference with those business relations; (3) the defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the business relationship." *Harch International Limited v. Harch Capital Management, Inc.*, 2007 NY Slip Op 31740, p. 12 (N.Y. Sup. Ct. 6/13/2007), citing *Guard-Life Corp. v S. Parker Hardware Mfg. Corp.*, 50 NY2d 183 (1990); *Carvel v Noonan*, 3 NY3d 182, 190 (2004); *NBT Bancorp Inc. v Fleet/Norstar Financial Group, Inc.*, 87 NY2d 614 (N.Y. App. 1996).

It is clear from these formulations of the cause of action for tortious interference that the cause of action requires far more elements than a Copyright Act claim, which would not rely on a showing of Miller and Hunter's business relations, Holtzbrinck,

---

[1] It has not yet been determined which state law will apply in this matter. Miller expects to present evidence that the majority of the actions and agreements in this matter between herself and Hunter took place in Georgia, while Hunter's relationship with the other defendants arose in New York. Miller therefore briefs both Georgia and New York law in this pleading, because the result is the same under the law of either state.

4

MacMillan, St. Martin's and Valentine's intentional interference with those relations; Holtzbrinck, MacMillan, St. Martin's and Valentine's use of improper means to interfere with the relationship between Hunter and Miller, or injury to the business relationship between Hunter and Miller.  See *Briarpatch Ltd. LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 307 (2d Cir. 2004) (Breach of fiduciary duty claim not pre-empted by Copyright Act.); *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir. 1996) (State contract law claim was not pre-empted by the Copyright Act).  Thus, like the fraud claim against Hunter, the tortious interference claim is not pre-empted.

Nor is the conversion claim pre-empted.  Under Georgia law, conversion requires the plaintiff to show that the defendant "had lawfully gained possession of the property, that title and right of possession of the property was in [plaintiff], that [plaintiff] made demand on [defendant] and that [defendant] refused to deliver the property." *Charter Mtg. Co. v. Ahouse*, 300 S.E.2d 328, 165 Ga.App. 497 (Ga. App., 1983).

Similarly, under New York law, "Conversion is the unauthorized assumption of ownership of and exercise of right over property belonging to another, to the exclusion of the owner's rights therein." *Trustforte Corp. v. Eisen*, 2005 NY Slip Op 52116 (NY 11/15/2005), citing *Vigilant Insurance Company of America v. Housing Authority of the City of El Paso*, 87 NY2d 36, 45 (N.Y. App. 1995).

In order to prevail on this cause of action, Miller must show that, after lawfully obtaining custody of the manuscript, defendants exercised ownership over it and excluded Miller while knowing of Miller's rights.  A Copyright Act claim would not include the elements of lawfully obtaining custody nor of excluding Miller from ownership.  Thus, under the "extra elements" standard, this claim, under the facts of this

5

case, is not pre-empted by the Copyright Act. See *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds,* 471 U.S. 539, (1985) (A conversion claim may not be pre-empted, depending on the facts.)

### IV.  MILLER IS ENTITLED TO AMEND TO CORRECT PLEADING DEFICIENCIES.

**A.  Tortious interference.**  The complaint here certainly raises an issue as to this cause of action with its allegations that Holtzbrinck, MacMillan, St. Martin's and Valentine[2] acted with knowledge that the work presented by Hunter was not "original." If Miller can establish that Holtzbrinck, MacMillan, St. Martin's and Valentine knew that Hunter was depriving Miller of the benefit of her agreement with Hunter by stealing Miller's work, and intentionally published the work under Hunter and Valentine's name, she can prevail on a cause of action for tortious interference.  In *NBT Bancorp Inc. v. Fleet/Norstar Financial Group Inc.*, 553 N.Y.S.2d 864, 159 A.D.2d 902 (N.Y. App. 1990), the court held that dismissal of a tortious interference claim was improper where "Plaintiffs pleaded facts from which it could be concluded that defendants used unlawful means to injure plaintiffs." The same is true here.

While the elements of the action may not be pled with great specificity, there is nothing in the complaint to suggest that Miller cannot, on a proper pleading, prove facts constituting the tort of tortious intereference with business relations.  Under these circumstances, leave to amend is appropriate if this Court concludes that the complaint does not adequately allege the elements of the cause of action.  *Ronzoni v. Sanofi S.A.*,

---

[2] Miller concedes that Hunter cannot be liable for tortious interference with her own business relationship with Miller.

6

899 F.2d 195, 197 (2d Cir. 1990); Fed. R. Civ. P. .15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Conversion.** The elements of conversion are listed in Part III above. The complaint alleges that the defendants deprived Miller of the unpublished manuscript, and of the benefits of Miller's ownership of that manuscript. Even if it was not the only copy in existence, New York law recognizes that conversion can lie even if the property is in part intangible. *Trustforte Corp. v. Eisen*, 2005 NY Slip Op 52116 (NY 11/15/2005).

While the complaint may not clearly allege all of these elements, they are in no way inconsistent with the pleaded facts. Thus, leave to amend should be granted. *Ronzoni v. Sanofi S.A.*, 899 F.2d 195, 197 (2d Cir. 1990); Fed. R. Civ. P. .15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**C. Fraud.** Under Georgia law, a cause of action for fraudulent inducement requires proof of the following elements: "false representation; scienter; intent to induce the plaintiff to act or refrain from acting; justifiable reliance; and damage proximately caused by the representation." *Jarallah v. Schoen*, 531 S.E.2d 778 (Ga. App. 2000). The elements are substantially the same under New York law: 1) A knowingly false representation of a material fact and 2) detrimental reliance. *Fax Telecommuniciaciones Inc. v. AT&T*, 138 F.3d 479, 490 (2d Cir. 1998).

As noted above, the complaint here alleges that Hunter induced Miller to write the book promising that Miller would be compensated and credited, while knowing that she (Hunter) intended to steal Miller's work, and that Miller wrote the book in reliance on this promise. This is in no way inconsistent with the elements of fraudulent inducement. To the extent that the allegations are deemed insufficiently specific, leave to amend is

required. *Ronzoni v. Sanofi S.A.*, 899 F.2d 195, 197 (2d Cir. 1990); Fed. R. Civ. P. .15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons, the motions to dismiss of defendants should be denied. Alternatively, plaintiff prays the Court for leave to amend her complaint.

Respectfully submitted,

\_\_/s/ Marianne Camille Spraggins_____
Marianne Camille Spaggins
SDNY Bar No. MS1242
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS  39703-0866
Telephone:  662-327-0903
Facsimile:  662-329-4832
Email:  kittyspraggins@aol.com

## CERTIFICATE OF SERVICE

I, Marianne Camille Spraggins, hereby certify that I have electronically filed through the ECF/CM filing system, the foregoing *Memorandum of Law in Opposition to Motions To Dismiss of Defendants* and that all counsel of record have been served via same.

\_\_/s/ Marianne Camille Spraggins_____
Marianne Camille Spraggins
