UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIANNE MILLER,                                      :
                                                    :
                          Plaintiff,                :           08 Civ. 3508 (HB)
                                                    :
              -against-                             :           OPINION & ORDER
                                                    :
HOLTZBRINCK PUBLISHERS, LLC,                        :
MACMILLAN PUBLISHERS, INC., SAINT                   :
MARTIN'S PRESS, HEATHER HUNTER                      :
and MICHELLE VALENTINE,                             :
                                                    :
                          Defendants.               :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge**[*]**:**

Plaintiff Diane Miller ("Plaintiff") brings this lawsuit for tortious interference with business relations against Heather Hunter ("Defendant Hunter"), MacMillan Publishers, Inc., Holtzbrinck Publishers, LLC and Saint Martin's Press (collectively, the "MacMillan Defendants"), and Michelle Valentine ("Defendant Valentine"). Plaintiff also lodges a claim for conversion against the MacMillan Defendants and Defendant Valentine, and a claim for fraudulent inducement and misrepresentation against Defendant Hunter. Defendant Hunter and the MacMillan Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Plaintiff's claims against all the defendants are dismissed, but Plaintiff is granted leave to amend her claim for fraudulent inducement and misrepresentation against Defendant Hunter within twenty days from the date of this opinion.

### I. FACTUAL BACKGROUND

Plaintiff, an author, alleges that she agreed to coauthor a book for publication with Defendant Hunter and that in April of 2005 she delivered a finished manuscript to Defendant Hunter and her agent. Compl. ¶¶ 10-11. Plaintiff asserts that on July 24, 2007, the MacMillan Defendants released a book purportedly written by Defendants Hunter and Valentine. *Id.* ¶ 12. Plaintiff claims that this book is substantially the same work as the manuscript she delivered to Defendant Hunter in April 2005. *Id.* ¶ 13. The gravamen of Plaintiff's complaint is that Defendant Hunter intentionally misled her into believing that she would be paid and

---

[*] Antonio Reyes, a Fall 2008 intern in my Chambers and a second-year law student at Cardozo Law School, provided substantial assistance in the research and drafting of this opinion.

1

acknowledged as the principal writer of the book, and that all the defendants knew the book was not an original work by Defendants Hunter and Valentine but published the book without acknowledging or paying Plaintiff. *Id.* ¶¶ 14-16.

## II. STANDARD OF REVIEW

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("*Twombly*"). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. When deciding a motion to dismiss, a court must accept all the well-pleaded allegations of the claim as true, even if doubtful in fact, and must draw all reasonable inferences in the claimant's favor. *Id.* at 1965; *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

## III. DISCUSSION

### A. Tortious Interference and Conversion Claims Are Preempted

The MacMillan Defendants and Defendant Hunter aver that Plaintiff's tortious interference and conversion claims under New York law are preempted by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, which provides in pertinent part that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . whether published or unpublished, are *governed exclusively by this title*. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (emphasis added).

Thus, the Copyright Act preempts a state claim when: (1) the work at issue is of a type that is protected by the Copyright Act (referred to as the "subject matter requirement"); (2) the state claim seeks to redress a legal or equitable right that is "equivalent" to one of the exclusive rights protected by the Act; and (3) the law claim does not contain any additional elements that would make it qualitatively different from a federal copyright infringement claim (referred to as the "general scope requirement"). *See, e.g.*, *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007); *Briarpatch Ltd. v. Phoenix Pictures*, 373 F.3d 296, 305 (2d Cir. 2004).

Both the tortious interference and conversion claims depend on Plaintiff's allegations that the substance of her manuscript was published as a book bearing the names of Defendants Hunter and Valentine as authors, without her permission. Here, the subject matter requirement is met because Plaintiff's manuscript was a literary work protected by the Copyright Act. The Copyright Act protects "original works of authorship fixed in any tangible medium of expression," including literary works, and accords the authors of such works the exclusive rights of publication, copying and distribution. 17 U.S.C. §§ 102, 106; *see also Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 546-47 (1985). "Literary works" include manuscripts within the meaning of the Copyright Act. 17 U.S.C. § 101.

Plaintiff's claims for tortious interference with business relations and conversion seek to redress a legal or equitable right that is equivalent to exclusive rights protected by the Copyright Act: her exclusive rights to publish, copy and distribute her manuscript under her own name. The tortious interference claim depends on her contention that Defendants' "fail[ure] to give Plaintiff notoriety for the manuscript written" injured Plaintiff's "business relations with those inside of the literary community." Compl. ¶ 21. To support her conversion claim she alleges that Defendant Valentine "intentionally took the manuscript written by Plaintiff, and held it out as her own work," and that the MacMillan Defendants "knew that the book . . . was not an original work and published the book without regard for the rights of the Plaintiff." *Id.* ¶¶ 15-16.

The general scope requirement is met because Plaintiff's claims do not contain any additional elements that would make them qualitatively different from a copyright infringement claim. "To prove [federal] copyright infringement, a plaintiff must demonstrate ownership of a valid copyright and unauthorized copying of a work's original elements by the defendant." *Medical Educ. Dev. Servs., Inc. v. Reed Elsevier Group, PLC*, No. 05 Civ. 8665, 2008 WL 4449412, at *4 (S.D.N.Y. Sept. 30, 2008) (citing *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)).

The elements of a claim for tortious interference with business relations under New York law are "(1) [the plaintiff] had a business relationship with a third party, (2) the defendant knew of that relationship and intentionally interfered with it, (3) the defendant acted solely out of malice, or used dishonest, unfair or improper means, and (4) that the defendant's interference caused injury to the relationship.'" *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004) (quotation marks and citation omitted). Conversion is the "unauthorized assumption and exercise of the right of ownership over goods belonging to

3

another to the exclusion of the owner's rights." *Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex.,* 87 N.Y.2d 36, 44 (N.Y. 1995) (quotation marks and citation omitted).

At first blush, the elements of Plaintiff's claims may appear to be different from those for copyright infringement. However, "[t]o determine whether a claim is qualitatively different [for purposes of preemption], we look to 'what [plaintiff] seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced.'" *Briarpatch*, 373 F.3d at 306 (quoting *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d. 693, 716 (2d Cir. 1992)). Moreover, "elements such as awareness or intent, which alter the action's scope but not its nature," do not constitute additional elements that render a state law claim qualitatively different. *American Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 931 (S.D.N.Y. 1996) (quotation marks omitted).

Here, Plaintiff seeks to protect and enforce her exclusive rights to use and publish her literary work. Her case rests on her theory that Defendants tortiously interfered with her business relations and converted her literary work by publishing the book without her authorization or credit. Any rights that Plaintiff may have stem from the Copyright Act.

Therefore, all three preemption requirements are met and Plaintiff's tortious interference and conversion claims must be dismissed because they are preempted by the Copyright Act. *See Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308 (S.D.N.Y. 1997) (dismissing claim for tortious interference with contract, whose elements are similar to those for tortious interference with business relations, because preempted by Copyright Act); *Am. Movie Classics Co.*, 992 F. Supp. 926 (same). *See also Archie Comic Publ'ns, Inc. v. DeCarlo*, 141 F. Supp. 2d 428, 432 (S.D.N.Y. 2001) (conversion claim preempted by Copyright Act because authorship was the only basis for plaintiff's rights in the subject work); *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985) (conversion claim based on the unauthorized possession of a literary work was preempted).

Although Defendant Valentine has not joined in the motions to dismiss, Plaintiff's claims for tortious interference with business relations and conversion must be dismissed as to Defendant Valentine, too, since they are preempted as set forth above.

**B.     Plaintiff May Amend Fraudulent Inducement and Misrepresentation Claim**

Plaintiff alleges that Defendant Hunter induced Plaintiff to coauthor the manuscript with the knowledge that Plaintiff would never receive credit for the work, thereby preventing Plaintiff from participating in the economic benefits of her creation. Compl. ¶ 26. Defendant Hunter

4

argues that Plaintiff's fraudulent inducement and misrepresentation claim should be dismissed because Plaintiff has failed to plead fraud with specificity as required by Fed. R. Civ. P. 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Under New York law, the elements of a fraudulent inducement claim are: (1) the defendant made a representation; (2) regarding a material existing fact; (3) which was false; (4) known by the defendant to be false; (5) the representation was made for the purpose of inducing plaintiff to rely upon it; (6) that plaintiff reasonably did so rely; (8) in ignorance of its falsity; (8) to her injury. *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 380 F. Supp. 2d 250, 265 (S.D.N.Y. 2005) (citing *Computerized Radiological Servs. v. Syntex Corp.,* 786 F.2d 72, 76 (2d Cir. 1986)).

The extent of the allegations underpinning Plaintiff's claim are as follows: that Plaintiff and Defendant Hunter agreed to coauthor a book, Compl. ¶ 10; that in April 2005 Plaintiff delivered a finished manuscript to Hunter and her agent, *id.* ¶ 11; that on or about July 24, 2007, the MacMillan Defendants released a book purportedly written by Defendants Hunter and Valentine, *id.* ¶ 12; that such book is substantially the same work and product that Plaintiff wrote for Hunter, *id.* ¶ 13; and that Hunter "intentionally misled" Plaintiff into believing that she would be paid and acknowledged as the principal writer of the book in question, *id.* ¶ 14.

These allegations fail to state with sufficient particularity the circumstances under which Defendant Hunter fraudulently induced Plaintiff to write the manuscript and misrepresented to her that she would be paid and acknowledged as the principal writer. Rule 9(b) requires that a complainant "[a]dequately specify the statements it claims were false or misleading, give particulars as to . . . [how the alleged statements] were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Hoffenberg v. Hoffman & Pollock*, 248 F. Supp. 2d 303, 310-11 (S.D.N.Y. 2003) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)); *see also Astroworks, Inc.* v. *Astroexhibit Inc.*, 257 F. Supp. 2d 609, 617 (S.D.N.Y. 2003) (complaint must allege time, place, speaker and content of the alleged misrepresentation); *Furniture Consultants, Inc. v. Datatel Minicomputer Co.*, No. 85 Civ. 8518, 1986 WL 7792, at *6 (S.D.N.Y. July 10, 1986) (dismissing fraudulent inducement claim that failed to specify the "necessary where, when, who or how of any of the[] 'fraudulent statements'").

Plaintiff's claim for fraudulent inducement and misrepresentation also fails to specify the "where, when, who or how" of any fraudulent statements, and thus it must be dismissed for failure to plead with sufficient particularity as required by Rule 9(b).

The Federal Rules of Civil Procedure, however, provide that leave to amend should be "granted freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should deny leave to amend when a claim is "clearly frivolous or legally insufficient on its face." *Ruiz v. Suffolk County Sheriff's Dep't*, No. 03 Civ. 3545, 2008 WL 4516222, at *2 (E.D.N.Y. Oct. 2, 2008) (citing *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998)). Plaintiff's complaint is not clearly frivolous or legally insufficient because were she to state where, when and how the alleged statements were made, and the contents of those statements, she would sufficiently plead her fraudulent inducement claim. Therefore, this Court grants Plaintiff leave to file an amended complaint with respect to this claim only.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's tortious interference and conversion claims are dismissed as to all the Defendants. Plaintiff's claims for fraudulent inducement and misrepresentation against Defendant Hunter are dismissed with leave to amend within twenty days. As a consequence of this Opinion and Order, there need be no pretrial conference on November 20, 2008 as previously scheduled.

**IT IS SO ORDERED.**
New York, New York
November \_\_, 2008

_____
U.S.D.J.